

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. A. Van Slyke
County Attorney
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. O-6225
Re: (1) Under Article 1158,
R.C.S., is it mandatory
that a mayor and two com-
missioners shall be elect-
ed at the same election
held to determine whether
or not an unincorporated
town shall be incorporated
under the commission form
of government?

(2) Manner of preparing
the ballot for the election
of such officers.

Your recent letter relative to the calling of an
election to determine whether or not a town or village hav-
ing a population of 200 to 1,000 shall be incorporated as
provided by Article 1154, et seq., Revised Civil Statutes,
1925, requests this department's opinion on the following
questions:

1. Is it mandatory under Article 1158, R.C.S.,
1925, for the county judge at the incorporation election to
also call for the election of a mayor and two commissioners?

2. How and with whom do such candidates file for
office and how is the ballot prepared?

Article 1158, R. C. S., 1925, reads as follows:

"At such election there shall be elected two
commissioners, who shall serve until the first
Tuesday in April following, and in said unincor-
porated cities and towns, and unincorporated towns

UNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Van Slyke, page 2

and villages, there shall at such elections be elected a mayor and two commissioners, who shall serve until the first Tuesday in April following. The mayor of the incorporated cities and towns, and incorporated towns and villages, adopting the commission form of government shall continue to hold his office for the term for which he was elected. The term of office of the mayor and commissioners, except the first elected under the provisions hereof, shall be two years, and they shall be elected on the first Tuesday in April every two years." (Underscoring ours)

This statute, we believe, makes it mandatory for the county judge at the same election called to decide on the incorporation to also call for the election of a mayor and two commissioners.

Answering your second question: We have carefully checked the statutes and are unable to find any statutory directions as to how the candidates for such office file and with whom, nor as how they get their names on the ballot nor as to the preparation of the ballot.

"It is ... well settled ... that a law which confers a power or imposes a duty upon an officer or board carries with it by implication the authority to do such things as are reasonably necessary to carry into effect the power granted or the duty imposed." Public Officers, 34 Tex. Jur. 444, par. 68 n. 7.

It is therefore our opinion that since the statutes are silent as to how a candidate for either the office of mayor or city commissioner may get his name on the official ballot that the county judge may adopt any reasonable rule for that purpose, such as giving notice that he will accept applications prior to a given date. If no candidate requests his name be placed on the ballot, or if not as many as two candidates do not file for the office of commissioner, he may print the names of those that do apply and leave a blank space for name or names to be written in by the voters.

The ticket should have printed on it the information that two are to be elected commissioners so that each voter may know as to that office he may vote for two people.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

David Wuntch
Assistant

CW:db

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN